Leon STEIN, individually and on behalf of the infants, Ezra, Hillel, Yocheved, Raizel, Moshe, Rivka and Rochel Stein, Plaintiff–Appellant,

v.

The CITY OF NEW YORK, its agents, servants and/or employees, Hon. Marva Hammons, individually and as Commissioner of Social Services of the City of New York, Hon. Nicholas Scopetta, individually and as Commissioner of the New York City Administration for Children'S Services, Mitchell Regenbogen, individually and as Counsel in the Office of the New York City Administration for Children'S Services, Ohel Children'S Home and Family Services, Arlene Etengoff, individually and as an employee of Ohel Children'S Home and Family Services, Yitzchok Goldzweig, individually and as an employee of Ohel Children'S Home and Family Services, and Sam Frankel, individually and as an employee of Ohel Children'S Services, Defendants–Appellees.

Docket No. 01–7408.

United States Court of Appeals, Second Circuit.

Nov. 20, 2001.

Leon Stein, Brooklyn, NY, pro se.

Daniel P. Waxman, Robinson Silverman Pearce Aronsohn & Berman LLP, New York, NY; Mark J. Bunim, on the brief. Scott Shorr, City of New York Law Department, New York, NY, for appellees.

Present MINER, McLAUGHLIN and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DE-

CREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff-appellant Leon Stein, *pro se,* appeals from an order dated February 28, 2001, and subsequent judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*) granting the motion of defendants-appellees to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Mr. Stein brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his federal constitutional rights by removing his children, placing and retaining them in foster care, and limiting his visitation with them. The complaint seeks monetary damages. The defendants moved to dismiss the complaint, and the District Court granted the defendants' motions. The District Court held that the doctrine established by *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (the *Rooker–Feldman* doctrine) mandated that the action be dismissed for want of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the District Court found that adjudication of Mr. Stein's claims would require it to review and possibly modify or overrule decisions of the Kings County Family Court pertaining to the placement and custody of Mr. Stein's children.

On appeal, Mr. Stein claims that as to the five-month period from May through October 1994, the *Rooker–Feldman* doctrine should not bar his claim for damages because during that period, he was not a party to the Family Court proceedings. Therefore, he argues, he did not have an opportunity to litigate his claim in a state proceeding, a prerequisite to the operation of the *Rooker–Feldman* doctrine. Stein also raises, for the first time, an assertion that the defendants failed to provide him with a prompt post-deprivation hearing.

Federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486; *see also Rooker,* 263 U.S. at 415–16; *Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir.1998). Adjudication of Mr. Stein's claims would require, at minimum, review of the Family Court order entered on November 3, 1993, that placed Mr. Stein's children with New York City's Commissioner for Social Services for one year. This order was issued while Mr. Stein was a party to the Family Court proceedings, and it encompasses the entire five-month period as to which, on this appeal, Mr. Stein claims the *Rooker–Feldman* doctrine does not apply. Accordingly, the *Rooker–Feldman* doctrine bars jurisdiction over Mr. Stein's claim.

We need not entertain Mr. Stein's argument that the Defendants failed to provide him with a prompt post-deprivation hearing, because the argument was never raised in the District Court. However, even on its merits, the argument fails. Mr. Stein was not denied *any* opportunity to be heard; in fact, Mr. Stein was a party to and participated in the Family Court proceedings that resulted in the November 1993 order placing his children with the Commissioner for Social Services. Thus, *Tenenbaum v. Williams,* 193 F.3d 581, 593–94 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000), in which the plaintiff parents received no hearing prior to the removal of their child, is inapposite. Mr. Stein essentially is arguing that he was entitled to an additional hearing. This amounts to a

challenge to the Family Court's handling of the case, and a finding in Mr. Stein's favor would necessitate some modification or possibly overruling of the orders entered by the Family Court. Thus, this ground for appeal, like Mr. Stein's first argument, runs afoul of the *Rooker–Feldman* doctrine.

For the reasons set forth, the judgment of the District Court is hereby AFFIRMED.